IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    Plaintiff

    v.

BENEDICTO PERDOMO ENCARNACION,

    Defendant.

CRIMINAL NO. 08-415 (ADC)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## RE: RULE 11(c)(1)(B) GUILTY PLEA HEARING

### I.   Procedural Background

On December 9, 2008, defendant Benedicto Perdomo Encarnación was charged in a one-count information.  He agrees to plead guilty to that Count.

Count One charges that on or about September 28, 2008, Mr. Perdomo knowingly and unlawfully uttered, possessed, and used documents prescribed by statute or regulations as evidence of authorized stay in the United States, namely, a Puerto Rico Driver's License and a Social Security card, issued under the name of David Vázquez Coss, which the defendant knew to be forged or unlawfully obtained, all in violation of Title 18, United States Code, Section 1546(a).

Defendant appeared before me assisted by the court interpreter on December 9, 2008 since the Rule 11 hearing was referred by the court .  See United States v. Woodard, 387 F.3d 1329 (11th Cir. 2004) (magistrate judge had authority to conduct Rule 11 guilty plea hearing with consent of defendant). He was advised of the purpose of the hearing and placed under oath with instructions that his answers must be truthful lest he would subject himself to possible charges of perjury or making a false statement.

## II.   Consent to Proceed Before a Magistrate Judge

Defendant was provided with a Waiver of Right to Trial by Jury form, which he signed.[1]  He confirmed that his attorney translated and explained the form in the Spanish language before he signed it.  He was advised of his right to hold all proceedings, including the change of plea hearing, before a district court judge.  He received an explanation of the differences between the scope of jurisdiction and functions of a district judge and a magistrate judge.  He was informed that if he elects to proceed before a magistrate judge, then the magistrate judge will conduct the hearing and prepare a report and recommendation, subject to review and approval of the district judge.  The defendant then voluntarily consented to proceed before a magistrate judge.

## III.   Proceedings Under Rule 11 of the Federal Rules of Criminal Procedure

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations.  Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, the guilty plea must be knowing and voluntary. United States v. Hernández-Wilson, 186 F.3d 1, 5 (1st Cir. 1999).  "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" United States v. Cotal-Crespo, 47 F3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)).  There are three core concerns in a Rule 11 proceeding: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea. Cotal-Crespo, 47 F3d at 4 (citing United States v. Allard, 926 F2d 1237, 1244 (1st Cir. 1991)).

### A.   Competence to Enter a Guilty Plea

This magistrate judge questioned the defendant about his age, education, employment, history of any treatment for mental illness or addiction,  use of any medication, drugs, or alcohol, and his understanding of the purpose of the hearing, all in order to ascertain his capacity  to understand,

---

[1]  The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

answer and comprehend the change of plea colloquy. The court confirmed that the defendant received the indictment and fully discussed the charges with his attorney, and was satisfied with the advice and representation he received.  The court further inquired whether defendant's counsel or counsel for the government had any doubt as to his capacity to plead, receiving answers from both that the defendant was competent to enter a plea.  After considering the defendant's responses, and observing his demeanor, a finding was made that Mr. Perdomo was competent to plead and fully aware of the purpose of the hearing.

### B.    Maximum Penalties

Upon questioning, the defendant expressed his understanding of the maximum penalties prescribed by statute for the offense to which he was pleading guilty, namely:  a term of imprisonment of not more than ten years, a fine of not more than $250,000, or both.  The defendant also understood he could be sentenced to a term of supervised release of not more than three years and that a Special Monetary Assessment of $100.00 would be imposed to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, §3013(a).  The court explained the nature of supervised release and the consequences of revocation.  The defendant indicated that he understood the maximum penalties for Count One and the potential consequences of the guilty plea.

### C.    Plea Agreement

Mr. Perdomo and the government have entered into an oral plea agreement, the terms of which were described in open court. The defendant confirmed that this was his understanding with the government, and that no one had made any other or different promises or assurances to induce him to plead guilty.  The defendant was then admonished, pursuant to Fed. R. Crim. P. 11(c)(1)(B), and expressed his understanding, that the terms of the plea agreement are merely recommendations to the court, and that the district judge who will preside over the sentencing hearing can reject the recommendation without permitting the defendant withdraw his guilty plea, and impose a sentence that is more severe than the defendant might anticipate.  The defendant was specifically informed that  the court, after considering the applicable Sentencing Guidelines, could impose a sentence

different from any estimate in the plea agreement or provided by his attorney, and that the court had

authority to impose a sentence that is more severe or less severe than the sentence called for by the

Sentencing Guidelines.  The defendant was advised, and understood, that the Sentencing Guidelines

are no longer mandatory and are thus considered advisory, and that during sentencing the court will

consider the sentencing criteria found at 18, United States Code, Section 3553(a).

### D.    Waiver of Constitutional Rights

The defendant was specifically advised that he has the right to persist in a plea of not guilty,

and if he does so persist that he has the right to a speedy and public trial by jury, or before a judge

sitting without a jury if the court and the government so agree; that at trial he would be presumed

innocent and the government would have to prove his guilt beyond a reasonable doubt; that he would

have the right to assistance of counsel for his defense, and if he could not afford an attorney the court

would appoint one to represent him throughout all stages of the proceedings; that at trial he would

have the right to hear and cross examine the government's witnesses, the right to decline to testify

unless he voluntarily elected to do so, and the right to the issuance of subpoenas or compulsory

process to compel the attendance of witnesses to testify on his behalf.  He was further informed that

if he decided not to testify or put on evidence at trial, his failure to do so could not be used against

him, and that at trial the jury must return a unanimous verdict before he could be found guilty.

The defendant specifically acknowledged understanding these rights, and understanding that

by entering a plea of guilty there would be no trial and he will be waiving or giving up the rights that

the court explained. The defendant's attorney attested that he explained these rights to his client and

believed that the defendant understood the explanations.

The defendant was informed that parole has been abolished and that any sentence of

imprisonment must be served.  Defendant was additionally informed that a pre-sentence  report

would be prepared and considered by the district judge at sentencing, and that the defense and the

government would be allowed to  correct or object to any information contained in the report which

was not accurate. Defendant was further admonished that his guilty plea, if accepted, may deprive him

of valuable civil rights, such as the right to vote, to hold public office, to serve on a jury, and to possess a firearm, and may result in negative immigration consequences, such as his removal or deportation from the United States, and that he be barred from reentry to the United States.  The defendant confirmed that he understood these consequences of his guilty plea.

The defendant was informed of his right to be prosecuted by means of an indictment returned by the grand jury and specifically waived that right and agreed to be prosecuted by means of an information filed by the United States Attorney.

### E.      Factual Basis for the Guilty Plea

The court explained Count One of the information in open court and explained the elements of the offense and the meaning of terms used in the information.

Upon questioning, the government presented to this magistrate judge and to defendant a summary of the basis in fact for the offense charged in Count One and the evidence the government had available to establish, in the event defendant elected to go to trial, the defendant's guilt beyond a reasonable doubt.   The defendant was able to understand this explanation and agreed with and admitted to the government's submission as to the evidence which could have been presented at trial.

### F.      Voluntariness

The defendant indicated that he was not being induced to plead guilty, but was entering such a plea freely and voluntarily because in fact he is guilty, and that no one had threatened him or offered a thing of value in exchange for his plea.  He acknowledged that no one had made any different or other promises in exchange for his guilty plea, other than the recommendations set forth in the plea agreement.   Throughout the hearing defendant was able to consult with his attorney.

## IV.   Conclusion

The defendant, by consent, appeared before me pursuant to Rule 11 of the Federal Rules of Criminal Procedure, and entered a plea of guilty as to Count One of the information.

After cautioning and examining the defendant under oath and in open court concerning each of the subject matters mentioned in Rule 11, I find that the defendant, Benedicto Perdomo

Encarnación, is competent to enter this guilty plea, is aware of the nature of the offense charged and the maximum statutory penalties that it carries, understands that the charge is supported by evidence and a basis in fact, has admitted to the elements of the offense, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea.  Therefore, I recommend that the court accept the guilty plea and that the defendant be adjudged guilty as to Count One of the information.

This report and recommendation is filed pursuant to 28 U.S.C. §636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt.   Failure to file timely and specific objections to the report and recommendation is a waiver of the right to review by the district court. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986).

**A sentencing hearing will be set by the presiding district judge.**

**IT IS SO RECOMMENDED.**

San Juan, Puerto Rico, this 9th day of December, 2008.


**S/Bruce J. McGiverin**
BRUCE J. McGIVERIN
United States Magistrate Judge